## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.    9:17-CV-80397

ROBERT WARSHAW
    Plaintiff(s),

vs.

SCOTT J. WORTMAN AND
KORTE & WORTMAN, P.A.,
    Defendant(s).
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, ROBERT WARSHAW (hereinafter "Plaintiff"), by and through his undersigned attorney, and sues the Defendants SCOTT J. WORTMAN and KORTE & WORTMAN, P.A., (hereinafter referred to as the "Defendants" or "KORTE & WORTMAN"), for damages and other relief pursuant to the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") and the in support thereof alleges:

### ALLEGATIONS COMMON TO ALL COUNTS

1. The Court has original jurisdiction in this action by virtue of 28 U.S.C. § 1331 because the matter in dispute involves a federal law arising under the Constitution, laws, or treatises of the United States, to wit: the FDCPA, 15 U.S.C. § 1692.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the allegations herein relate to Defendants' transactions in this District, and its infliction of injury on Plaintiff in the State of Florida.  This is the judicial district in which all of the Defendants reside and all Defendants are residents of the State in which the district is located and this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

3. This is an action for damages and other relief for violation of the FDCPA 15 USC §1692, et seq.

4. At all times material hereto, the Plaintiff is a resident of this district in Palm Beach County, Florida, and is sui juris.

5. At all times material hereto, the Plaintiff is a consumer pursuant to the FDCPA in that he is a natural person obligated or allegedly obligated to pay a consumer debt.

6. At all times material hereto, Defendant SCOTT J. WORTMAN is an attorney and a debt collector with his principal place of business in this district at 2041 Vista Parkway, Suite 102, West Palm Beach, FL 33411, and he is a principal and an employee of Defendant KORTE & WORTMAN, P.A.

7. At all times material hereto, Defendant KORTE & WORTMAN, P.A., is a law firm and a debt collector with his principal place of business in this district at 2041 Vista Parkway, Suite 102, West Palm Beach, FL 33411.

8. At all times material hereto, the Defendants are debt collectors within the meaning of §1692a (6) of the FDCPA in that: the Defendants have used instrumentalities of interstate commerce such as the mails in their business the principal purpose of which is the collection of debts; and, the Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. At all times material hereto, the debt the Defendants were attempting to collect was an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation had been reduced to judgment within the meaning of the FDCPA 15 U.S.C. § 1692a(5), to wit: homeowner's association assessments for the Plaintiff's homestead in the Woodberry Lakes Homeowner's Association.

10. The contractual obligation for the Plaintiff to pay HOA assessments creates a "debt" under the FDCPA. Under the FDCPA, where the transaction creates an obligation to pay, a debt is created because a homeowner's obligation to pay assessments derives from the original home purchase transaction.

11. The Plaintiff has retained the undersigned law firm to represent him in these proceedings pursuant to a fee agreement.

12. Pursuant to the FDCPA, 15 USC § 1692(k)(3), if the Plaintiff is successful in enforcing liability under the Act, the Plaintiff is entitled to and requests that the Court award him reasonable attorney's fees and costs incurred.

13. All conditions precedent to the filing of this action have occurred, have been satisfied, or have been waived.

14. The Plaintiff requests trial by jury on all issues triable by jury as of right or by law.

## COUNT I     VIOLATION OF FDCPA 1692e

15. Plaintiff readopts and realleges allegations 1 through 14, inclusive, as if fully set forth herein.

16. In addition to all other counts of this complaint or in the alternative to them, the Plaintiff sues Defendants SCOTT J. WORTMAN and KORTE & WORTMAN for violation of FDCPA 15 USC §1692e, et seq.

17. At all times material hereto, Defendants acted to collect consumer debts, including assessments allegedly owed by the Plaintiff to his homeowner's association for the Plaintiff's residential homestead property in Florida.

18. On or about 8/23/2016, Defendants sent a debt collection communication to the Plaintiff by U.S. Mail.  This communication was the initial communication from the Defendants to the Plaintiff regarding this debt.  This communication consisted of a demand letter and a claim of lien.  A copy of this communication is attached as Exhibit "A".

19. Said debt collection communication from Defendants concerned HOA assessments allegedly owed by the Plaintiff to his Homeowner's Association where his homestead is located.

20. In fact, the Plaintiff did not owe a large portion of the amounts claimed by the Defendants, and possibly all of the amounts claimed.

21. Defendants knew or should have known they executed, filed, and recorded a claim of lien against the Plaintiff when they had no legal right to do so. The Defendants did not serve the Plaintiff with a notice of intent to record a claim of lien before executing, filing, and recording their claim of lien and providing it to the Plaintiff.

22. Said debt collection communication from Defendants was false, deceptive, or misleading representations or means in connection with the collection of debts in violation of 15 USC §1692e (2) because the Defendants falsely represented (A) the character, amount, or legal status of the debt in that:

    1. The Defendants claimed the Plaintiff owed an HOA assessment in the amount of $3,411.00 but there was never any such assessment by the creditor HOA and the Plaintiff did not owe that amount in aggregate assessments to the creditor HOA.

    2. The Defendants claimed the Plaintiff owed a special HOA assessment in the amount of $2,500.00 but there was never any such special assessment by the creditor HOA.

    3. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead in the total amount of $7,055.53 when they knew the actual amount owed by the Plaintiff was a fraction of that amount, if any amount was owed at all.

    4. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead which was required to contain, but did not so contain, the address of the association, the correct assessment amounts due, and the due date as required by the provisions of Florida Statutes 720.3085(1)(a). Without such information, the claim of lien was invalid.

    5. The Defendants filed a defective, invalid, and fraudulent claim of lien against the

> Plaintiff's homestead before complying with the condition precedent of serving the Plaintiff with a Notice of Intent to Record a Claim of Lien as required by the provisions of Florida Statutes 720.3085(4). Without such notice, the claim of lien was invalid.

6. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead that sought to collect future attorney's fees from the Plaintiff of $150.00 for the release of the lien that the Defendants had not incurred.

7. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead that sought to collect future attorney's fees from the Plaintiff of $150.00 for the release of the lien for which the Defendants or their client were obligated to provide and pay for pursuant to Florida Statutes 701.02(4), which provides:

   > ***Whenever the amount of money due on any mortgage, lien, or judgment has been fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom the payment was made, shall execute in writing an instrument acknowledging satisfaction of the mortgage, lien, or judgment and have the instrument acknowledged, or proven, and duly entered in the official records of the proper county.***

8. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead that sought to collect costs from the Plaintiff of $50.00 that the Defendants had not incurred.

9. The Defendants' letter alleged the debt was owed to two different creditors, Woodberry Lakes Homeowner's Association, Inc., and Rivermill Homeowner's Association, Inc. The Plaintiff does not own any property within the Rivermill Homeowner's Association, Inc., and has no contract, debt, or other connection to that creditor.

23. Said debt collection communication from Defendants was false, deceptive, or misleading

representations or means in connection with the collection of debts in violation of 15 USC §1692e (2) because the Defendants falsely represented (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in that:

1. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead that sought to collect future attorney's fees from the Plaintiff of $150.00 for the release of the lien that the Defendants had not incurred.

2. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead that sought to collect future attorney's fees from the Plaintiff of $150.00 for the release of the lien for which the Defendants or their client were obligated to provide and pay for pursuant to Florida Statutes 701.02(4), which provides:

   *Whenever the amount of money due on any mortgage, lien, or judgment has been fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom the payment was made, shall execute in writing an instrument acknowledging satisfaction of the mortgage, lien, or judgment and have the instrument acknowledged, or proven, and duly entered in the official records of the proper county.*

3. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead that sought to collect costs from the Plaintiff of $50.00 that the Defendants had not incurred.

24. Said debt collection communication from Defendants was false, deceptive, or misleading representations or means in connection with the collection of debts in violation of 15 USC §1692e (4) because the Defendants falsely represented or implied that nonpayment of any debt would result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in that:

    1.    The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead before the Defendants had the legal right to do so because the Plaintiff did not owe the amount alleged and because the Defendants did not comply with the condition precedent of serving the Plaintiff with a notice of intent to record a claim of lien and, therefore, the Defendants' represented or implied that nonpayment of the debt would result in the lien and then the sale of his property through foreclosure when such action was not lawful and the Defendants had no intention of taking such action and could not, in fact, legally take such action.

25.    Said debt collection communication from Defendants was false, deceptive, or misleading representations or means in connection with the collection of debts in violation of 15 USC §1692e (5) because the Defendants threatened to take action that cannot legally be taken or that is not intended to be taken in that:

    1.    The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead before the Defendants had the legal right to do so because the Plaintiff did not owe the amount alleged and because the Defendants did not comply with the condition precedent of serving the Plaintiff with a notice of intent to record a claim of lien and, therefore, the Defendants' represented or implied that nonpayment of the debt would result in the lien and then the sale of his property through foreclosure when such action was not lawful and the Defendants had no intention of taking such action and could not, in fact, legally take such action.

26.    Said debt collection communication from Defendants was false, deceptive, or misleading representations or means in connection with the collection of debts in violation of 15 USC §1692e (8) because the Defendants communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in that:

    1.    The Defendants communicated the Plaintiff's credit information to the world by recording the defective, invalid, and fraudulent claim of lien against the Plaintiff's

        homestead in the Public Records for Palm Beach County, Florida, on 8/31/2016, Clerk's File Number 20160313377, Book 28544, Page 1536-1537 which they knew to be false and not eligible to be recorded because the Plaintiff did not owe the amounts alleged, because the Defendants did not comply with the condition precedent of serving the Plaintiff with a notice of intent to record a claim, and because the claim of lien did not contain the address of the association or the address of the association, the correct assessment amount due, and the due date as required by the provisions of Florida Statutes 720.3085(1)(a).

27. Each one of these violations was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692e (10).

28. The Plaintiff paid the Defendants $7,143.73, under protest, as direct and proximate result of the Defendants violations of the FDCPA.  Most if not all of this amount was not in fact owed by the Plaintiff and the Defendants knew the Plaintiff did not owe those amounts.

29. The Plaintiff is entitled to a refund of the amounts paid to the Defendants plus interest by virtue of the violations of the law by Defendants and the fact that the amounts were not in fact due or incurred.

WHEREFORE, The Plaintiff demands trial by jury and judgment against the Defendants SCOTT J. WORTMAN and KORTE & WORTMAN, jointly and severally, for:

1. Statutory damages pursuant to 15 U.S.C. §1692k.
2. A refund of all payments made to the Defendants as a result of the Defendants noncompliance and violations of the FDCPA, with interest.
3. A refund of all payments made to the Defendants that was not due or owed by the Plaintiff, with interest.
4. Actual damages of $7,143.73.
5. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.
6. Such other and further relief in the premises that the Court deems appropriate.

**COUNT II    CLAIM OF VIOLATION OF 1692f**

30. Plaintiff readopts and realleges allegations 1 through 14, inclusive, as if fully set forth herein.

31. In addition to all other counts of this complaint or in the alternative to them, the Plaintiff sues Defendants SCOTT J. WORTMAN and KORTE & WORTMAN for violation of FDCPA 15 USC §1692f, et seq.

32. At all times material hereto, Defendants acted to collect consumer debts, including assessments allegedly owed by the Plaintiff to his homeowner's association for the Plaintiff's residential homestead property in Florida.

33. On or about 8/23/2016, Defendants sent a debt collection communication to the Plaintiff by U.S. Mail.  This communication was the initial communication from the Defendants to the Plaintiff regarding this debt.  This communication consisted of a demand letter and a claim of lien.  A copy of this communication is attached as Exhibit "A".

34. Said debt collection communication from Defendants concerned HOA assessments allegedly owed by the Plaintiff to his Homeowner's Association where his homestead is located.

35. In fact, the Plaintiff did not owe a large portion of the amounts claimed by the Defendants, and possibly all of the amounts claimed.

36. Defendants knew or should have known they executed, filed, and recorded a claim of lien against the Plaintiff when they had no legal right to do so.

37. Said debt collection communication from Defendants was an unfair or unconscionable means to collect or attempt to collect the debt in violation of 15 USC §1692f (1) because Defendants attempted to and did collect amounts (including any interest, fees, charges, or expenses incidental to the principal obligation) that were not expressly authorized by the agreement creating the debt or permitted by law.

1. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead that sought to collect future attorney's fees from the Plaintiff of $150.00 for the release of the lien that the Defendants had not incurred and that was not expressly authorized by the agreement creating the debt or permitted by law.

2. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead that sought to collect future attorney's fees from the Plaintiff of $150.00 for the release of the lien for which the Defendants or their client were obligated to provide and pay for pursuant to Florida Statutes 701.02(4), which provides:

   *Whenever the amount of money due on any mortgage, lien, or judgment has been fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom the payment was made, shall execute in writing an instrument acknowledging satisfaction of the mortgage, lien, or judgment and have the instrument acknowledged, or proven, and duly entered in the official records of the proper county.*

3. The Defendants filed a defective, invalid, and fraudulent claim of lien against the Plaintiff's homestead that sought to collect costs from the Plaintiff of $50.00 that the Defendants had not incurred and that was not expressly authorized by the agreement creating the debt or permitted by law.

4. The Defendants' letter alleged the debt was owed to two different creditors, Woodberry Lakes Homeowner's Association, Inc., and Rivermill Homeowner's Association, Inc. The Plaintiff does not own any property within the Rivermill Homeowner's Association, Inc., and has no contract, debt, or other connection to that creditor.

38. Each one of these violations was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692f.

39. The Plaintiff paid the Defendants $7,143.73, under protest, as direct and proximate result of the Defendants violations of the FDCPA. Most if not all of this amount was not in fact owed by the Plaintiff and the Defendants knew the amounts were not due.

40. The Plaintiff is entitled to a refund of the amounts paid to the Defendants interest by virtue of the violations of the law by Defendants and the fact that the amounts were not in fact due or incurred.

WHEREFORE, The Plaintiff demands trial by jury and judgment against the Defendants SCOTT J. WORTMAN and KORTE & WORTMAN, jointly and severally, for:

1. Statutory damages pursuant to 15 U.S.C. §1692k.
2. A refund of all payments made to the Defendants as a result of the Defendants noncompliance and violations of the FDCPA, with interest.
3. A refund of all payments made to the Defendants that was not due or owed by the Plaintiff, with interest.
4. Actual damages of $7,143.73.
5. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.
6. Such other and further relief in the premises that the Court deems appropriate.


### COUNT III   CLAIM OF VIOLATION OF 1692g

41. Plaintiff readopts and realleges allegations 1 through 14, inclusive, as if fully set forth herein.

42. In addition to all other counts of this complaint or in the alternative to them, the Plaintiff sues Defendants SCOTT J. WORTMAN and KORTE & WORTMAN for violation of FDCPA 15 USC §1692g, et seq.

43. At all times material hereto, Defendants acted to collect consumer debts, including consumer debts allegedly owed by the Plaintiff to his homeowner's association for the Plaintiff's residential homestead property in Florida.

44. On or about 8/23/2016, Defendants sent a debt collection communication to the Plaintiff by U.S. Mail. This communication was the initial communication from the Defendants to the

        Plaintiff regarding this debt.  This communication consisted of a demand letter and a claim of lien.  A copy of this communication is attached as Exhibit "A".

45.    Said debt collection communication from the Defendants, or a subsequent communication within 5 days, was required to comply with the debt validation requirements of 15 USC §1692g:

> *Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*
>
> *(1)    the amount of the debt;*
> *(2)    the name of the creditor to whom the debt is owed;*
> *(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
> *(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*
> *(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

46.    The Defendants letter of 8/23/2016 did not contain any of the required disclosures of the FDCPA 1692g.

47.    The Defendants' letter alleged the debt was owed to two different creditors, Woodberry Lakes Homeowner's Association, Inc., and Rivermill Homeowner's Association, Inc.  The Plaintiff does not own any property within the Rivermill Homeowner's Association, Inc., and has no contract, debt, or other connection to that creditor.

48.    The Plaintiff paid the Defendants $7,143.73, under protest, as direct and proximate result of the Defendants violations of the FDCPA.  Most if not all of this amount was not in fact owed by the Plaintiff and the Defendants knew the amounts were not due.

49. The Plaintiff is entitled to a refund of the amounts paid to the Defendants plus interest by virtue of the violations of the law by Defendants and the fact that the amounts were not in fact due or incurred.

WHEREFORE, The Plaintiff demands trial by jury and judgment against the Defendants SCOTT J. WORTMAN and KORTE & WORTMAN, jointly and severally, for:

1. Statutory damages pursuant to 15 U.S.C. §1692k.
2. A refund of all payments made to the Defendants as a result of the Defendants noncompliance and violations of the FDCPA, with interest.
3. A refund of all payments made to the Defendants that was not due or owed by the Plaintiff, with interest.
4. Actual damages of $7,143.73.
5. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.
6. Such other and further relief in the premises that the Court deems appropriate.

Date   3/28/2017            Respectfully Submitted,

                            By */s/  John J.R. Skrandel*,   FL Bar #120413
                            John J.R. Skrandel
                            Jerome F. Skrandel, PL
                            Counsel for Plaintiff
                            300 Prosperity Farms Road, Suite D
                            North Palm Beach, FL 33408-5212
                            Phone (561)863-1605 Fax (561)863-1606
                            Email   JFSPA@MSN.COM

### JURY DEMANDED

Plaintiff demands trial by jury on all issues triable.

                            By */s/  John J.R. Skrandel*,   FL Bar #120413
                            John J.R. Skrandel